UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD L. BASKETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RONALD KESSLER, ) <br> ) <br> Defendant. ) <br> _____) | CASE NO. C05-1777-MJP-MJB <br><br> REPORT AND RECOMMENDATION |

On October 24, 2005, Plaintiff submitted a proposed complaint pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis*. Plaintiff appeared to allege in his complaint that King County Superior Court Judge Ronald Kessler violated his constitutional rights by unlawfully revoking his probation. Plaintiff requested injunctive relief in the form of release from custody.

After reviewing Plaintiff's complaint, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed because he challenges the lawfulness of his confinement instead of the conditions of his confinement as required by § 1983. Dkt. #5. Plaintiff was advised that to the extent he intended to challenge the fact of his current confinement, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is the exclusive federal remedy available to a state prisoner who challenges the fact or duration of his

REPORT AND RECOMMENDATION
Page - 1

confinement and seeks speedier or immediate release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

On December 12, 2005, Plaintiff filed a response to the Order to Show Cause. Dkt. #6. Plaintiff makes clear in his response that he does not seek to pursue a § 2254 habeas petition at this time because he is still in the process of exhausting his claims in state court. However, he appears to allege in this response that the Presentence Investigative Report ("PSR") submitted to the trial court contained erroneous information, and that prejudicial testimony contained in the PSR "inflamed the mind of the sentencing judge," which consequently led to unfavorable and unlawful revocation of his probation. As noted above, such allegations call into question the validity of Plaintiff's sentence as it relates to his probation revocation, which fails to constitute a cognizable claim under § 1983.

Accordingly, the Court recommends that plaintiff's IFP application be denied because the underlying complaint fails to state a claim upon which relief may be granted. The Court further recommends that the complaint, and this action, be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A proposed Order accompanies this Report and Recommendation.

DATED this 26th of June, 2006.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2